On the 27th day of *December*, 1825, according to the third Section of the fifth article of the Constitution, the following gentlemen were elected Judges of the Circuit Courts.

The Honourable *Abner S. Lipscomb,* 1st Circuit.
      *Reuben Saffold,*   2d   —
      *John Gayle, Jr.*   3rd   —
      *John White,*   4th   —
      *John M. Taylor,*   5th   —
      *Anderson Crenshaw,* 6th   —

At the same Session of the Legislature, the permanent seat of government was established at the town of *Tuskaloosa,* and the Supreme Court required to be held there on the first *Mondays* of *January* and *July* in each year.

At *July* Term, 1826, all the Judges were present.

The Honourable *Abner S. Lipscomb* was unanimously appointed Chief Justice.

———————

Beddo *against* Smith.—Writ of Error to *Monroe* County Court.

July, 1826.

**JUDGE** *Taylor* delivered the opinion of a majority of the Court.

The assignments of Errors refer to the bills of Exceptions. The declaration was on a quantum meruit for board, food furnished defendant's horse, &c.

1, On quant: mer: for board, food furnished horse, &c. the established tavern rates are not the best evidence, unless it be shewn that the plaintiff was a tavern-keeper. 2, A witness, in giving testimony, should not be permitted to examine entries made by plaintiff in his book of accounts, unless under special circumstances, as the witness having seen the entries made, &c.

JULY, 1826.

Beddo
v.
Smith.

The counsel for the defendant moved the Court to instruct the Jury that the best evidence in support of this count was the tavern rates established by the County Court. This motion was overruled, and properly overruled. It does not appear that the plaintiff was a tavern-keeper, and if it were admitted that rates had been established, and were the best evidence of the value of board, &c. furnished by a tavern-keeper, this case would not be affected by the admission. But how the tavern rates could be the best evidence in support of the count cannot well be imagined; for, had they been proved, it must still be proved that the defendant had received the articles for the value of which he was charged.

The second bill of Exceptions.—The Court permitted a witness to examine entries of charges made by plaintiff in his books against the defendant, to refresh the witness's memory. The witness had kept the plaintiff's books during part of the time while the account was running. The defendant objected to his examining such entries as were made by the plaintiff, and the objection was overruled.

It is a general rule that a witness cannot examine a paper written by others for the purpose of refreshing his memory. To this rule there are exceptions: as where, from having seen the writing made, &c. &c., the attention of the witness has been particularly directed to it. But these circumstances of Exception should be proved before the witness is permitted to refer to the writing. From what appears in this bill of Exceptions, the County Court erred in admitting this testimony.

The Chief Justice, Judge *Gayle*, and Judge *White* concurred.

Judge *Crenshaw*.—To sustain a judgment, this Court ought to presume that every thing necessary to maintain the action was proved unless the contrary appears from the bill of Exceptions. It was not necessary that the entries should be in the hand-writing of the witness. If he saw them made, or examined them shortly after they were made, he might refer to them to refresh his memory. It does not appear from the bill of Exceptions but that these facts were proved. I think that we are not at liberty to presume that they were not proved, and that the judgment should be affirmed.

Judge *Saffold* concurred with Judge *Crenshaw*.

By the majority of the Court—reversed and remanded.

*Bagby,* for plaintiff, cited Peake's Ev. 199. Laws Ala. 728.

*Parsons,* for defendant.